FILED

DEC 1 3 2016

⟨signature⟩
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CRAIG JORDAN and<br>MICHELE JORDAN,<br><br>Plaintiffs,<br><br><br>vs.<br><br><br><br>STATE AUTO INSURANCE<br>COMPANIES, d/b/a/ Milbank<br>Insurance Company,<br><br>Defendant. | CIV 16-4053<br><br><br>MEMORANDUM OPINION AND<br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) lack of subject matter jurisdiction. Doc. 18. The Court has considered all filings and for the following reasons, Defendant's motion is denied.

## BACKGROUND

In June of 2014, a hailstorm damaged numerous homes and other property in and around Sioux Falls, South Dakota. Soon thereafter, Plaintiffs ("the Jordans") submitted a claim for hail damage sustained on their home to Defendant, State Auto Insurance Company ("State Auto"). In September of 2014, Ryan Van Gilder, an authorized agent of State Auto, inspected the Jordans' home and found that there was no visible hail damage to the roof. In October of 2014, the Jordans requested a re-inspection. Mr. Van Gilder conducted the re-inspection and again found there to be no damage. In May of 2015, State Auto retained Robert Danielson of Haag Engineering Company to inspect the Jordans' roof for a third time. In June of 2015, Mr. Danielson concluded that there was hail damage to the Jordans' shingles. Based on Mr. Danielson's report, State Auto prepared an estimate of $3,265.71 to repair the damage.

1

In January of 2016, the Jordans provided State Auto with an estimate from Great Plains Roofing ("Great Plains") which indicated that the Jordans' roof required complete replacement. The replacement estimate totaled approximately $13,948. In February of 2016, State Auto informed the Jordans that it would not consider the Great Plains estimate and insisted that the Jordans retain another expert to inspect the roof.

In April of 2016, the Jordans filed a lawsuit in federal court against State Auto alleging breach of contract, bad faith, punitive damages, and vexatious refusal to pay. Doc. 1. State Auto filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 6. State Auto argued that the Jordans had failed to adequately allege that damages exceeded the jurisdictional amount in controversy of $75,000. *Id.* This Court filed a Notice allowing the Jordans to respond and noted that "on the basis of the current Complaint the Court is dubious that there is a jurisdictional amount claimed in this case." Doc. 7. The Jordans filed a Brief in Opposition to State Auto's Motion to Dismiss wherein they requested, as an alternative to dismissal, "to amend the Complaint to assert the factual details necessary for establishing the amount in controversy." Doc. 8 at 19, n.15. The Court allowed the Jordans to file an amended complaint. *See* Docs. 14-16.

In August of 2016, the Jordans filed an Amended Complaint wherein they allege $10,682.29 in contractual damages, $80,000 in emotional distress damages, $725,458.32 in punitive damages, and $100,000 in attorney's fees. Doc. 17. State Auto filed the current Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 18.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction[,]" adjudicating only those suits arising under the Constitution and laws of the United States or suits between citizens of different states. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. §1332 (diversity jurisdiction). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject matter jurisdiction. FED. R. CIV. PRO. 12(b)(1); *see also Aerostar, Inc. v. Haes Grain & Livestock, Inc.*, 2012 WL 1030446, at *5 (N.D. Iowa Mar. 27, 2012) (citations omitted) (explaining that "Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a pre-answer motion to dismiss for lack of subject matter jurisdiction. Such a motion to dismiss may be based on insufficient amount in controversy."). "A party challenging subject matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for jurisdiction." *Middlebrooks v. United States*, 8 F. Supp. 3d 1169, 1173 (D.S.D. 2014) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "A facial challenge requires the court to examine the complaint and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the nonmoving party receives the same protections as it would if defending a motion to dismiss under Rule 12(b)(6)." *Id.* "A factual attack challenges the factual basis for subject matter jurisdiction, and the court considers matters outside the pleadings without giving the nonmoving party the benefit of the Rule 12(b)(6) safeguards." *Id*; *see also Drevlow v. Lutheran Church, Missouri Synod*, 991 F.2d 468, 470 (8th Cir. 1993) ("The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). The party seeking to establish federal jurisdiction has the burden of proving that jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) ("The burden of proving subject matter jurisdiction falls on the plaintiff.").

State Farm asserts in its motion to dismiss that the Jordans have failed to sufficiently allege a basis for subject matter jurisdiction because they have failed to plead an amount in controversy exceeding $75,000. State Farm's challenge to the Jordans' Amended Complaint is thus a facial one. As a result, in evaluating State Farm's motion to dismiss, the Court must accept all facts in the complaint as true and view the complaint in the light most favorable to the Jordans, the non-moving party.

## DISCUSSION

In the present case, subject matter jurisdiction is premised on diversity jurisdiction which requires "complete diversity of citizenship among the litigants" and "an amount in controversy greater than $75,000." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *see also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (quoting 28 U.S.C. § 1332(a)) ("When

the two parties to an action are citizens of different states . . . a federal district court's jurisdiction extends to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.'").  While the Court finds that there is complete diversity of citizenship between the parties,[1] the question is whether the amount claimed in the Amended Complaint exceeds the jurisdictional threshold of $75,000.

### *Amount in Controversy*

"A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also St. Paul Mercury*, 303 U.S. at 289 ("But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed."); 14B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3702 (3d ed. 1998) (The "legal certainty" test requires the proponent of federal jurisdiction to show "that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount.").  Stated in the affirmative, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp*, 280 F.3d at 885.  Under this "legal certainty" test, however, "[a]bsolute certainty . . . is not required." *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924 (8th Cir. 1965).  "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp*, 280 F.3d at 884-85 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936)).

In the Amended Complaint, the Jordans have alleged specific contractual damages, emotional distress damages, punitive damages, and attorneys' fees.  State Farm argues that these damages do not exceed the jurisdictional minimum.  The Jordans now have the burden to

---

[1] The Court finds that the Jordans are residents of Sioux Falls, South Dakota and State Auto is a company organized outside of South Dakota, with its principal place of business located outside of South Dakota.

demonstrate, by a preponderance of the evidence, that a fact finder could legally conclude that their damages are greater than $75,000.

*Emotional distress damages*

The Jordans claim $80,000 in emotional distress damages "due to lost money, sleep anger, frustration, stress, anxiety, aggravation, strain on their marriage, fear, and an overwhelming sense of betrayal . . . ." Doc. 17 at 6. "An award of damages for emotional distress must be supported by competent evidence of 'genuine issue.'" *Forshee v. Waterloo Industries, Inc.*, 178 F.3d 527, 531 (8th Cir. 1999) (quoting *Carey v. Piphus*, 435 U.S. 247 (1978). Generally, courts look to cases with factually similar situations to determine whether the plaintiff could receive the claimed emotional distress award. *See id.* (explaining that "[w]hile a compensatory damage award may be based solely on plaintiff's own testimony, [the plaintiff's] testimony did not identify and describe the kind of severe emotional distress that warranted the awards in [other] cases . . . ."). *Eidson*, 2006 WL 3060139, at *5 (finding that "the facts as presented by plaintiff Eidson differ substantially from reported MHRA cases in which plaintiffs have been awarded emotional distress damages exceeding the . . . jurisdictional minimum."); *Varboncoeur v. State Farm Fire and Cas. Co.*, 356 F. Supp. 2d 935, 946 (S.D. Iowa Jan. 14, 2005) (finding that "none of the cases cited . . . provide factually similar situations that incline the Court to believe that Plaintiffs could receive a large emotional distress award.").

State Farm argues that the Jordans have failed to cite any factually similar cases in order to determine whether the emotional distress damages exceed the jurisdictional limit. State Farm, however, misconstrues this requirement. In order to determine whether a plaintiff could receive a claimed emotional distress award, courts look to the factual similarity of the claims handling process. The facts of the underlying claims need not be factually similar.

Here, the cases cited by the Jordans are factually similar in that they all address the issue of bad faith on the part of the insurance company. *See Isaac v. State Farm Mut. Auto Ins. Co.*, 522 N.W.2d 752, 758 ("The question for the jury was whether State Farm acted in bad faith . . . ."); *Sawyer v. Farm Bureau Mut. Ins. Co.*, 2000 SD 144, ¶ 18, 619 N.W.2d 644, 649 ("We hold that reasonable minds could find that Farm Bureau acted in bad faith . . . ."). As such, the Court

5

finds that a fact finder could legally conclude that the damages suffered in the present case exceed the jurisdiction minimum.[2]

*Punitive damages*

In the Amended Complaint, the Jordans claim that "State Auto acted with oppression, fraud, and malice . . ." and request $725,458.32 in punitive damages "to adequately punish State Auto and deter it from continuing with its systemic bad faith claims handling practices." Doc. 17 at 7. "[P]unitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the jurisdictional amount in controversy requirement has been met." 14AA *Federal Practice and Procedure* § 3702.5 (4th ed.); *see also OnePoint*, 486 F.3d at 348 (finding that punitive damages are included when determining the amount in controversy for diversity jurisdiction purposes). Under South Dakota law, "[p]unitive damages are recoverable . . . in cases involving willful and wanton misconduct that indicates a reckless disregard for one's rights." *Flockhart v. Wyant*, 467 N.W.2d 473, 478 (S.D. 1991) (citing *Hannahs v. Noah*, 158 N.W.2d 678 (S.D. 1968)). An award of punitive damages is based on the preponderance of the evidence standard. *Schaffer v. Edward D. Jones & Co.*, 1996 SD 94, ¶ 22, 552 N.W.2d 801, 808-09. However, "the existence of the required amount [of punitive damages] must be supported by competent proof." *OnePoint*, 486 F.3d at 348. Courts "scrutinize a claim for punitive damages more closely that a claim for actual damages to ensure that Congress's limits on diversity jurisdiction are properly observed." *State of Mo. ex rel. Pemiscot Cty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

Here, the Court finds that the Jordans have sufficiently alleged damages that could exceed the jurisdictional threshold.[3] In viewing the amended complaint in the light most favorable to the Jordans, the Court notes the allegations that State Farm conducted sham investigations, intentionally withheld information, and utilized a claims handling process that

---

[2] In considering the affidavits, however, the Court does note that the $80,000 emotional distress damages claim seems high, but still in excess of the jurisdictional minimum.

[3] In order to arrive at $725,458.32 in claimed punitive damages, the Jordans combined the contractual damages claim ($10,682.29) and the emotional distress damages claim ($80,000), and then multiplied that number by eight. Because this claim incorporates the emotional distress damages, and the Jordans use an 8:1 ratio in their calculation, the Court too finds the claim for punitive damages to be high, but still in excess of the jurisdictional minimum. *See Walker v. Old Reliable Cas. Co.*, 2014 WL 6872903, *3 (W.D. Ark. 2014) ("Courts have found punitive damage multipliers of up to six to be acceptable when considering the availability of punitive damages in the CAFA amount-in-controversy context.").

was designed to delay payment of benefits owed under the policy.  Thus, the Court concludes that a fact finder could legally conclude that damages would exceed the $75,000 minimum.

*Attorney fees*

Finally, the Jordans claim $100,000 in attorneys' fees pursuant to SDCL § 58-12-3.  Doc. 17 at 7 (explaining that attorney's fees are "based on $200 per hour and an estimated 500 hours to litigate the case through trial.").  "Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction." *Crawford v. F. Hoffman-La-Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *see also City of Sioux Falls v. Kelley*, 513 N.W.2d 97, 111 (S.D. 1994) ("As a general rule, attorney fees may only be awarded by contract or when specifically authorized by statute."); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) (explaining that the plaintiff, "who has the burden of proving jurisdictional amount, has not established a statutory entitlement to attorney fees if he prevailed in his action.").  However, considering the conjectural nature of attorneys' fees, an enhanced jurisdictional scrutiny must be applied to such claims. *See Peterson v. BASF Corp.*, 12 F. Supp. 2d 964, 968 (D. Minn. June 30, 1998).

Here, the Jordans claim for attorneys' fees sound in statute and therefore count toward the jurisdictional amount.  State Farm argues that the Jordans are not automatically entitled to attorneys' fees under SDCL 58-12-3 and thus attorneys' fees are "speculative at best."  Doc. 18 at 5.  The Court agrees that an award for attorneys' fees is not automatically granted under SDCL 58-12-3. *See Biegler v. American Family Mut. Ins. Co.*, 2001 SD 13, ¶ 58, 621 N.W.2d 592, 606-07 (finding that proof of bad faith does not automatically entitle a claimant to recover attorneys' fees under SDCL 58-12-3).  However, the Court finds that State Farm has misunderstood the "legal certainty" test in regard to attorneys' fees.  As the Court stated above, "legal certainty" does not mean "absolute certainty." *See Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924 (8th Cir. 1965).  Therefore, the Jordans need only establish at this point that it is not legally impossible for them to recover more than $75,000.  The Jordans' have satisfied that test.

## CONCLUSION

For the reasons set forth above, the Court finds that the Jordans have established, by a preponderance of the evidence, that their damages exceed $75,000. While the contractual damage claim alone would not satisfy the jurisdictional minimum for diversity purposes, the contractual damage claim, combined with claims for emotional distress damages, punitive damages, and attorneys' fees, collectively satisfy the jurisdictional requirement. As such, the Jordans have presented sufficient evidence to allow a fact finder to legally conclude that the damages suffered in the present case are greater than the $75,000 amount in controversy requirement necessary to support diversity jurisdiction. Accordingly,

IT IS ORDERED

1. That Defendant's Motion to Dismiss, Doc. 6, is dismissed as moot;
2. That Defendant's Motion to Dismiss Amended Complaint, Doc. 18, is denied.

Dated this 13th day of December, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk of Courts
By _____, Deputy
(SEAL)

8